# Exhibit A



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 17SL-CC01266 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ANN MAHONEY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>BRYAN ETHAN BRODY<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO 63108 | |
| Defendant/Respondent:<br>MONTEREY FINANCIAL SERVICES, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Contract-Other | | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
(Except Attachment Action)

The State of Missouri to: MONTEREY FINANCIAL SERVICES, LLC
Alias:
CHRIS ROBERT HUGHES
4095 AVENIDA DE LA PLATA
OCEANSIDE, CA 92056

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

**ST. LOUIS COUNTY**

12-MAY-2017
Date
Further Information:
JB

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

Service Fees, if applicable
Summons      $_____
Non Est      $_____
Mileage      $_____ ( _____ miles @ $ _____ per mile)
Total        $_____

See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only.* Document ID# 17-SMOS-424     3     (17SL-CC01266)     Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

(3) <u>**Early Neutral Evaluation ("ENE"):**</u> A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) <u>**Mini-Trial:**</u> A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) <u>**Summary Jury Trial:**</u> A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: Document ID# 17-SMOS-424    4    (17SL-CC01266)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

17SL-CC01266

Electronically Filed - St Louis County - April 04, 2017 - 05:14 PM

IN THE CIRCUIT COURT OF
SAINT LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| ANN AND CHRISTOPHER MAHONEY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MONTEREY FINANCIAL )<br>SERVICES, LLC, )<br>)<br>Serve: )<br>Chris Robert Hughes or Authorized Agent )<br>4095 Avenida De La Plata )<br>Oceanside, California 92056 )<br>)<br>Defendant. ) | Cause No.<br><br>Division No. |

## PETITION

COME NOW Ann and Christopher Mahoney, by and through their undersigned attorney, and assert this cause of action under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Monterey Financial Services, LLC, and in support thereof, state to the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs are natural persons, citizens of Missouri, and residents of St. Louis County.

2. Defendant Monterey Financial Services, LLC ("Monterey") is a foreign limited liability company, organized and existing under the laws of California.

3. This Court may exercise personal jurisdiction over Monterey for the reason that it regularly conducts its debt collection business in Missouri, and the conduct complained of herein

occurred in Missouri or was otherwise directed towards Plaintiff in Missouri, satisfying Missouri's long-arm statute, § 505.500 R.S.Mo.

4. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution. MO. CONST. Art. V § 14.

5. This Court has statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227(g)(1).

6. Venue is proper in St. Louis County pursuant to § 508.010.2(4) R.S.Mo.

7. Plaintiffs and Monterey never agreed to arbitrate any dispute between them.

## BACKGROUND

8. Monterey's principal business is the collection of consumer debts on behalf of others, and it regularly uses the mails and other instrumentalities of interstate commerce in the pursuit of that business.

9. Within the twelve months prior to this Petition, Plaintiffs received numerous telephone calls from Monterey on their personal cellular telephones.

10. Monterey placed those calls in an attempt to collect a consumer debt originating with Premium Destinations.

11. At the time of receiving these calls, Plaintiffs were contemplating bankruptcy and had hired an attorney to represent them on the alleged Premium Destinations debt.

12. Therefore, on April 5, 2016, Plaintiff Ann Mahoney called Monterey to see how much they owed and to provide notification that they were represented by an attorney.

13. During the call, Monterey informed Plaintiff that they now owed an increased amount of $3,935.76.

14. This amount was false.

15. According to Monterey, it was assessing and attempting to collect interest at a rate of eighteen percent (18%) on the account.

16. Plaintiffs did not agree to a contract rate of 18% with their original creditor, and Missouri's statutory rate of interest only allows creditors to assess nine percent (9%) per annum *after* demanding payment.

17. Plaintiff also informed Monterey that she and her husband no longer wanted to be called on their personal cell phones.

18. Prior to the April 5, 2016 phone conversation, Plaintiffs had never given Monterey or their original creditor express permission to call their cellular phone with an automatic telephone dialing system.

19. Insofar as any such permission previously existed, Plaintiffs revoked their consent during the April 5, 2016 phone call.

20. Lastly, Plaintiff informed Monterey's agent that she and her husband were being represented by an attorney on the alleged debt and provided their attorney's name.

21. Pursuant to 15 U.S.C. § 1692c(a)(2), once Monterey possessed actual knowledge that Plaintiffs had an attorney representing them on the debt, Monterey was obligated to cease its collection attempts and simply take down their attorney's contact information before ending call. See Robin v. Miller & Steeno, P.C., No. 4:13CV2456 SNLJ, 2014 WL 3734318, at *2 (E.D. Mo. July 29, 2014); Istre v. Miramed Revenue Grp., LLC, No. 4:14 CV 1380 DDN, 2015 WL 1020015, at *4 (E.D. Mo. Mar. 9, 2015).

22. Monterey refused to do so.

23. Rather than respect Plaintiffs' right to counsel, Monterey continued to collect the debt directly from Plaintiff.

24. Specifically, after Monterey already knew Plaintiffs were represented by an attorney, Monterey argued with Plaintiff and informed her that it would report the account to the credit reporting bureaus and continue its collection efforts.

25. Plaintiff was forced to reiterate that their attorney was representing them on the debt and that she preferred Monterey to contact their attorney going forward to discuss the alleged debt before ending the call.

26. Even after Monterey possessed actual knowledge that Plaintiffs were represented by an attorney and that they had revoked their consent to be contacted whatsoever – much less with an automated dialing system – Monterey continued to place calls to Plaintiff Ann Mahoney's cell phone and Plaintiff Christopher Mahoney's cell phone using an automated dialing system after the April 5, 2016 phone call.

27. Monterey placed over twenty (20) such calls using an automated dialing system after the April 5, 2016 phone conversation wherein Plaintiffs revoked their consent to be contacted on their phones.

28. Monterey's collection conduct caused Plaintiffs to suffer statutory damages under the FDCPA in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k.

29. Monterey's violative phone calls caused Plaintiffs to suffer statutory damages under the FDCPA in excess of $10,000.00, pursuant to 47 U.S.C. § 227.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiffs re-allege each and every preceding paragraph, and incorporate them by this reference as if fully set forth herein.

31. Plaintiffs are each a "consumer" as that term is defined by the FDCPA (15 U.S.C. § 1692a(3)).

32. Defendant is a "debt collector" as that term is defined by the FDCPA (15 U.S.C. § 1692a(6)).

33. The alleged debt arises out of consumer, family, and/or household transactions.

34. Defendant has attempted to collect the alleged debt from Plaintiffs within the previous twelve months.

35. In its attempts to collect the alleged debt from Plaintiffs, Defendant has violated the FDCPA, including, but not limited to:

   a. Communicating with Plaintiffs in connection with the collection of the alleged debt knowing Plaintiffs were represented by an attorney with respect to the alleged debt for purposes other than to obtain their attorney's contact information, in violation of 15 U.S.C. § 1692c(a)(2);

   b. Falsely representing the amount and character of Plaintiffs' alleged debt, in violation of 15 U.S.C. § 1692e(2)(A); and

   c. Utilizing unfair collection practices, including the collection of an amount that is not permitted by law, in violation of 15 U.S.C. § 1692f(1).

36. Plaintiffs suffered a concrete injury as a result of the conduct of Defendant due to its disregard for and violation of their rights created and guaranteed by federal law, and causing Plaintiff to expend precious time and mental energy, and to suffer anxiety, frustration, and worry

37. Defendant's debt collection activities have caused Plaintiffs to suffer actual damages as recited herein.

WHEREFORE, Plaintiffs pray this honorable Court enter judgment in their favor and against Defendant, specifically awarding the following:

Electronically Filed - St Louis County - April 04, 2017 - 05:14 PM

A. A finding and conclusion that Defendant has violated the FDCPA as recited herein;

B. Statutory damages;

C. Actual damages;

D. Costs, interest, and attorneys' fees as provided by law; and

E. Such other and further relief as this Court deems just and proper in the premises.

## COUNT II: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

38. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

39. In its attempts to collect the alleged debt from Plaintiffs, Defendant has committed violations of the TCPA, 47 U.S.C. § 227 *et seq.*, including, but not limited to, placing non-emergency phone calls to Plaintiffs' cellular phones using an automated telephone dialing device without express authorized consent of Plaintiffs, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant for:

A. Judgment that Defendant's conduct violated the TCPA;

B. Statutory damages not less than $10,000.00 pursuant to 47 U.S.C. § 227(b)(3); and

C. For such other relief as the Court may deem just and proper.

Respectfully submitted,

BRODY & CORNWELL

/s/ *Bryan E. Brody*
―――――――――――――――――――
Bryan E. Brody, Mo. Bar No. 57580
Alexander J. Cornwell, Mo. Bar No. 64793
1 N Taylor Ave
Saint Louis, MO 63108
314.932.1068 / fax: 314.228.0338
bbrody@brodyandcornwell.com
acornwell@brodyandcornwell.com

Electronically Filed - St Louis County - April 04, 2017 - 05:14 PM